# Exhibit "3"

Ira Spiro (SBN 67641)
J. Mark Moore (SBN 180473)
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA
Telephone:  (310) 235-2468
Facsimile:  (310) 235-2456
E-mail:  ira@spiromoss.com
E-mail:  mark@spiromoss.com

Attorneys for Plaintiffs Gloria Abiva and Esgouhi Babanian

Thaddeus J. Stauber (Bar No. 225518)
Sarah E. André (Bar No. 236145)
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Phone: 213-629-6000
Fax: 213-629-6001
tstauber@nixonpeabody.com
sandre@nixonpeabody.com

Frank Ryan *admitted pro hac vice*
**NIXON PEABODY** LLP
473 Madison Ave
New York, NY 10022
Los Angeles, CA  90071-1514
Telephone:  (212) 940 - 3000
Facsimile:  (212) 940 - 1111
fryan@nixonpeabody .com

Attorneys for Defendant Cache

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ABIVA AND ESGOUHI BABANIAN, individually and on behalf of all others similarly situated, Plaintiffs, <br> v. <br> CACHE, Inc.; and DOES 1-10, Defendants. | Case No 2:07-CV-00556 SVW (AJWx) <br><br> CLASS ACTION <br><br> **STIPULATION OF SETTLEMENT** <br><br> Judge: Stephen V. Wilson <br> Date: <br> Ctrm: 6 |

Case No. CV 06-7747 SVW (JWJx)         -- 1 --

SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the Effective Date (as defined herein), by and between Plaintiffs (as defined herein) and Defendant **CACHÉ**, INC ("Cache").

WHEREAS, Plaintiffs filed litigation entitled *GLORIA ABIVA and ESGOUI BABANIAN v. CACHE, INC.* ., Case No. CV 0055SJW, in the United States District Court for the Central District of California (the "Action"); and

WHEREAS, in the Action, Plaintiffs allege, among other things, that Cache willfully provided customers who made debit card purchases at Cache stores with electronically-printed receipts at the point of sale or transaction upon which it printed credit and debit card numbers and/or expiration dates in violation of the Fair Credit Reporting Act, and, specifically, in violation of 15 U.S.C. section 1681c(g); and

WHEREAS, Cache denies Plaintiffs' allegations and have asserted, and would assert, a number of defenses to Plaintiffs' claims; and

WHEREAS, Plaintiffs and Cache agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Cache or of the truth of any of the claims or allegations alleged; and

WHEREAS, arm's-length settlement negotiations have taken place between Plaintiffs and Cache, and Plaintiffs and Cache have reached this Agreement, which embodies all the terms and conditions of the settlement, subject to judicial approval; and

WHEREAS, Class Counsel (as defined herein) have concluded that it would be in the best interests of the Settlement Class (as defined herein) to enter into this Agreement to avoid the uncertainties of complex litigation, and to ensure that the benefits reflected herein are obtained for the Settlement Class; and

WHEREAS, Class Counsel considers the terms of the settlement set forth herein to be fair, reasonable, adequate, and in the best interests of the Settlement Class; and

WHEREAS, Cache has decided, despite its belief that the Releasees (as defined herein) are not liable for the claims asserted and that they have good defenses thereto, to enter into this Agreement solely to avoid further expense, inconvenience, and the burden of litigation and any other present or future litigation arising out of the facts that allegedly gave rise to this litigation, and the distraction and diversion of their personnel and resources, and to thereby put to rest this controversy and to avoid the risks inherent in uncertain complex litigation;

NOW THEREFORE, it is agreed by and between the undersigned, on behalf of Cache, Plaintiffs, and the Settlement Class, that this action and all claims of the Settlement Class Members should be settled, compromised and dismissed on the merits and with prejudice and, except as hereinafter provided, without costs as to the Settlement Class Members (as defined herein) or Cache, subject to appropriate judicial approval, on the following terms and conditions:

## A.    Definitions

The following terms are defined as follows for purposes of this Agreement:

1.    "Class Counsel" and "Plaintiff's Counsel" mean the law firms of Spiro Moss Barness LLP,  and Seeger Weiss LLP.

2.    "Class Period" for the "Signature Transaction Class" means the period from December 4, 2006 to Effective Date, inclusive of those dates.

4.    "Effective Date" means the last date indicated in the signature block at the end of the Agreement.

5.    "Final Approval" means the point at which (i) the Settlement Court has entered the Order and Final Judgment approving this Agreement and dismissing the Action before it with prejudice as to Cache and, except as provided

for in this Agreement, without costs, and (ii) the time for appeal or to seek permission to appeal from the Settlement Court's approval of this Agreement and entry of the Order and Final Judgment described in (i) hereof has expired or, if appealed, approval of this Agreement and the Order and Final Judgment are affirmed in their entirety and such affirmance is no longer subject to further appeal or review, or such appeal is otherwise dismissed in its entirety and not subject to further appeal or review.

6.    "Parties" means Plaintiffs in this Action and Cache.

7.    "Plaintiffs" mean Gloria Abiva and Esgouhi Babanian.

8.    "Publication Notice Date" means the date on which the Notice provided for in paragraph _____ below is published.

9.    "Releasees" means Cache; the present and former direct and indirect parents, subsidiaries, divisions, affiliates or associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934) Cache; the present and former stockholders, officers, directors, employees, agents, insurance carriers, and legal representatives of any of the foregoing entities; and the predecessors, heirs, executors, administrators, successors and assigns of any of the foregoing persons or entities.

10.    "Releasors" means the Settlement Class Members, including Plaintiffs.

11.    "Settlement" means the settlement contemplated by this Agreement.

12.    "Settlement Class" means all customers who made purchases at a Cache store using a credit or debit card from December 4, 2006 through Effective Date.

13.    "Settlement Class Member" means any person or entity that otherwise meets the criteria for inclusion in the Settlement Class and who does not timely

Case No. CV 06-7747 SVW (JWJx)              - - 4 - -
SETTLEMENT AGREEMENT

and validly exclude itself from the Settlement Class in accordance with the exclusion procedures set by the Settlement Court.

14.  "Settlement Court" means the United States District Court for the Central District of California.

**B.  Consideration for Settlement**

15.  Payments.  In consideration for the agreement to dismiss the Action with prejudice under the terms of this Settlement Agreement and for the entry of the Final Judgment and Order of Dismissal releasing all Released Claims against the Released Persons, Cache agrees that they will provide Settlement Class Members who comply with the claims procedure set forth in paragraph ____ below with a fifteen dollar ($15.00) gift card or paper certificate ("voucher") applicable to any purchase either in a Cache store or on Cache's web site.  The vouchers shall be fully transferable but not more than one voucher may be used in any one transaction and the vouchers are not redeemable for cash.  The voucher may be used in combination with any Cache promotion.  The vouchers are valid for six months from the date of receipt.

17.  Agreement to Injunction.  Cache will and does agree to comply with the Fair Credit Reporting Act, and specifically with 15 U.S.C. § 1681c(g).

**C.  Approval of This Agreement and Dismissal of Claims**

18.  Authorization to Enter into Settlement Agreement.  The undersigned representative of Cache covenants and represents that such representative is fully authorized to enter into, and to execute, this Agreement on behalf of Cache. Plaintiffs' Counsel covenants and represents that it is fully authorized to conduct settlement negotiations on behalf of Plaintiffs and the Settlement Class Members and to enter into, and to execute, this Agreement on behalf of Plaintiffs and the Settlement Class Members, subject to judicial approval as provided for herein.

Case No. CV 06-7747 SVW (JWJx)   -- 5 --

SETTLEMENT AGREEMENT

19. <u>Cooperation to Effectuate the Settlement</u>. Plaintiffs' Counsel agrees to recommend approval of the Settlement to the Settlement Court, Plaintiffs, and the Settlement Class. Plaintiffs and Cache, and their undersigned counsel, agree to mutually cooperate to effectuate the Settlement, including taking all reasonable and necessary steps and efforts contemplated by this Agreement to secure Preliminary Approval (as defined herein) and Final Approval of the Settlement and to secure the dismissals of the Action upon the terms set forth herein.

20. <u>Stay</u>. Within twenty (20) business days of the date of the execution of this Agreement, Plaintiffs' Counsel shall cause to be filed a motion in the Settlement Court to stay all proceedings, except any proceedings necessary to effectuate this Agreement, and the suspension of all time deadlines until such time as the Agreement is rescinded or the Action is dismissed. Regardless of whether such a stay is entered, the Parties agree that, from the date of the execution of the Agreement, all pending discovery deadlines are suspended until such time as the Agreement is terminated and then for thirty (30) days thereafter.

21. <u>Preliminary Approval</u>. Plaintiffs' Counsel shall cause to be filed a motion in the Settlement Court for certification of the Settlement Class for the sole purpose of Settlement, for preliminary approval of the Settlement ("Preliminary Approval"), and for authorization to disseminate the Notice described in paragraph ____.

22. Plaintiffs' Counsel shall recommend to the Settlement Court a schedule for Final Approval that is consistent with the deadlines and timing otherwise set forth in this Agreement.

23. <u>Notice to Class Members</u>. The Parties agree to, and will, request approval by the Court of the following forms and methods of notice to the Settlement Class:

Case No. CV 06-7747 SVW (JWJx)                 -- 6 --

SETTLEMENT AGREEMENT

a.   A copy of the Summary Notice of Settlement substantially in the form attached hereto as Exhibit C shall be published by Cache once in USA Today.  The notice shall be approximately 1/6 of a page and may be published in any section of the newspaper.

b   Throughout the period in which claims may be made by Class Members, Cache shall create and maintain a link from Cache's website (www.cache.com) to a dedicated web page that contains, among other information, the full Class Notice, Claim Form (available for download), and other relevant documents.  Cache may retain third parties to satisfy this condition of the Agreement.

c.   Cache shall be responsible for making all arrangements necessary to effectuate notice to class members as set forth above and for payment of the costs of such notice.  Class Counsel shall assist Cache in making such arrangements.

d.   Cache shall select a Claims Administrator for the purposes of assisting in the notice and claims process.  Among other duties, the Claims Administrator shall coordinate the registration of Settlement Class Members seeking to participate in the settlement, provide and accept claim forms, and provide vouchers to claimants.  Vouchers will be provided via electronic mail as listed on the claimant's claim form unless the claimant does not have access to email, in which case, the voucher will be mailed to the claimant via first class U.S. mail, postage pre-paid, to the mailing address provided on the claim form.  Cache shall bear the costs of claims administration.

e.   The Class Notice shall provide a procedure whereby Class Members may exclude themselves from the Settlement Class.  Any Class Member who does not timely and validly request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Agreement.

Case No. CV 06-7747 SVW (JWJx)                  – - 7 - –

SETTLEMENT AGREEMENT

f.    The claims period shall extend for six (6) months from the first date of Notice.

24.    <u>Timing of Notice</u>. Cache shall publish Class Notice within thirty (30) business days of Preliminary Approval.

25.    <u>Claim Procedure</u>. Claims may be submitted via the Internet at the Settlement Web Page or through a toll-free number maintained by the Claims Administrator. In order for the claim form to be valid, the claimant must furnish the claimant's name, mailing address, email address, if any, and must attest under penalty of perjury that the claimant made at least one purchase using a debit card and received an electronically-printed receipt at the point of sale or transaction that was printed with the full debit-card account number and the debit card expiration date at a Cache store on a date from December 4, 2006 to Effective Date. One voucher will be issued to each Class Member unless the Class Member can produce multiple receipts issued during the class period that were printed with the full debit-card account number and the debit-card expiration date.

26.    <u>Opt Outs</u>. Within forty-five (45) days of the Publication, Settlement Class Members may opt out and exclude themselves from the Settlement Class.

27.    <u>Final Judgment</u>. Plaintiffs shall seek entry of an order and final judgment (the "Order and Final Judgment"). Plaintiffs' Counsel and Cache shall agree upon the content of the proposed Order and Final Judgment, which in all events shall dismiss all claims against Cache with prejudice and, except as provided for in this Agreement, without costs.

28.    <u>Application for Fees and Reimbursement of Expenses</u>. Class Counsel may seek an order from the Settlement Court for an award of attorneys' fees and expenses at the time the parties seek final approval of the settlement. In no event shall Class Counsel seek more than $95,000 for such fees and expenses. Cache shall not oppose such a request or in any way take action that would undermine

such a request. Cache shall, within ten (10) business days from the date of Final Approval, cause to be deposited the full amount of the attorneys' fees and expenses awarded by the Settlement Court into the Escrow Account for disbursal to Plaintiffs' Counsel. Plaintiffs shall receive an incentive award not to exceed $2,500 in the aggregate. Class counsel agrees not to seek from Cache any additional fees, costs, expenses, or incentive awards for any named plaintiff or any Settlement Class Member, and Cache shall not be liable for any additional fees, costs, expenses, or incentive awards.

**D.    Release, Discharge, and Covenant Not to Sue**

29.    Releases. In addition to the effect of any final judgment entered in accordance with this Agreement, upon Final Approval, and in consideration of the payment of valid claims described above and for other valuable consideration, the parties agree that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, under the laws of the United States, any jurisdiction or political subdivision thereof, any state or territory of the United States and any political subdivision thereof, any foreign jurisdiction and any political subdivision thereof, whether class, individual, or otherwise in nature or make a claim upon, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, statutory or actual damages, and the consequences thereof resulting from Cache's alleged inclusion on a customer receipt of any credit or debit card account information (including all or part of the account number and/or all or part of the card expiration date), through the Effective Date (the "Released Claims"). Releasors shall not, after the date of this Agreement, seek to establish liability against any of the Releasees based in whole or in part upon any of the Released Claims. Without in any way limiting the

Case No. CV 06-7747 SVW (JWJx)                -- 9 --

SETTLEMENT AGREEMENT

foregoing, the release set forth in this paragraph shall include all claims asserted in the complaint in the Action.

30.    Waiver of Rights.  In addition, upon Final Approval, Releasors shall hereby expressly waive and release, as to Cache and the other Releasees, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which reads:

> "Certain Claims Not Affected by General Release.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor"

or by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, to the extent any such claims relate to laws, rules or regulations pertaining to the Releasees' inclusion of credit or debit card account information on customer receipts.  Each of the Releasors may hereafter discover facts other than, or different from, those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of this Agreement, but each of the Releasors hereby expressly waives and fully, finally, and forever settles and releases, upon Final Approval, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the Action, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

**E.    Disapproval**

31.    Effect of Disapproval.  If the Settlement does not receive Final Approval, Cache or Plaintiffs may, at their sole option and in its absolute discretion, terminate this Agreement.

**F.    Miscellaneous**

Case No. CV 06-7747 SVW (JWJx)                -- 10 --

SETTLEMENT AGREEMENT

32. Integrated Agreement. This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties hereto. All terms of this Agreement are contractual and not mere recitals.

33. Binding Effect. The terms of this Agreement are, and shall be, binding upon each of the Parties hereto, their agents, attorneys, employees, successors, and assigns, and upon all other persons claiming an interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

34. Actions in Breach of This Agreement. This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for, an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement.

35. No Admission. The Parties expressly agree that this Agreement and its contents, and any and all statements, negotiations, documents and discussions associated with it, shall not in any circumstances be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaint in the Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way against any of the Releasees, in this Action or any other action or proceeding.

36. Consent to Jurisdiction. Cache and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Settlement Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement. Solely for the purposes of such suit, action or proceeding, to the fullest extent that they may effectively do so under applicable law, the Settlement Class Members and Cache irrevocably waive and agree not to

Case No. CV 06-7747 SVW (JWJx)          -- 11 --

SETTLEMENT AGREEMENT

assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Settlement Court or that the Settlement Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than enforcement of this Agreement.

37.    Resolution of Disputes; Retention of Jurisdiction.  Any disputes between or among Cache, Plaintiffs' Counsel, and any Settlement Class Member concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Settlement Court.  The Settlement Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

38.    No Party Is The Drafter.  None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

39.    Choice of Law.  With respect to each Action, all terms of this Agreement shall be governed by and interpreted according to the substantive laws of the state of California, without regard to its choice of law or conflict of laws principles.

40.    Amendment; Waiver.  This Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other prior, subsequent or contemporaneous breach of this Agreement.

41.    Execution in Counterparts.  This Agreement may be executed in counterparts.  Facsimile signatures shall be considered as valid signatures as of the

Case No. CV 06-7747 SVW (JWJx)              -- 12 --

SETTLEMENT AGREEMENT

date executed, although the original signature pages shall thereafter be appended to this Agreement and filed with the Settlement Court.

42. <u>Effectiveness of Agreement</u>. This Agreement shall become effective upon its execution by all of the undersigned counsel.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to this Agreement on the date first herein above written.

APPROVED AS TO FORM:

Dated: ~~November~~ ___, ~~2008~~ ~~December~~ January 21, 2009

NIXON ~~PEABODY LLP~~ Cache

By: _____
~~Frank W. Ryan~~
~~Sarah E. André~~
~~Kate E. Cassidy~~
margaret Feeney
~~Attorneys for Defendant~~
Cache, Inc.

Dated: ~~November~~ ___, 2008  Dec 25

SEEGER WEISS LLP

By: _____
Jonathan Shub
*Attorneys for Plaintiffs*

Case No. CV 06-7747 SVW (JWJx)           -- 13 --
SETTLEMENT AGREEMENT