JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLORIA ABIVA AND ESGOUHI BABANIAN, individually and on behalf of others similarly situated, | ) ) ) ) | CV 07-556 SVW (AJWx) |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | FINAL APPROVAL ORDER AND FINAL JUDGMENT [74] |
| v. | ) ) | |
| CACHE, INC., and DOES 1 through 10 inclusive, | ) ) ) | |
| Defendants. | ) ) | |

WHEREAS, the above-referenced action currently is pending before this Court, asserting claims for an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq., claiming that defendant Cache, Inc. ("Cache") unlawfully printed more than the last five digits of credit/debit card numbers and/or card expiration dates on transaction receipts provided to cardholders at retail stores operated by Cache in California.

WHEREAS, on March 26, 2009, plaintiffs Gloria Abiva and Esgouhi Babanian applied to this Court for an Order preliminarily approving the Settlement of the Action pursuant to a Settlement Agreement, dated as

of January 21, 2009 (the "Agreement"), later amended on June 30, 2009, which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and for dismissal of this Action in its entirety with prejudice as against all Released Parties, as defined in the Agreement.

WHEREAS, the Court granted preliminary approval of the Settlement on April 21, 2009 and in an amended order dated July 14, 2009.  The Court finds that due and adequate notice of the Settlement has now been given to the class members pursuant to the Preliminary Approval Order.

WHEREAS, on September 14, 2009, Plaintiffs filed a motion for Final Approval of Class Action Settlement (Final Approval Motion), as well as a separate motion for Award of Attorney's Fees, Reimbursement of Costs and Award of Service Award to the Class Representatives (Attorney's Fees Motion).  The motions were heard by this Court on October 5, 2009.  No written objections to the Settlement were submitted to the Court by class members or other interested persons, and no class member requested an opportunity to make oral argument in opposition to the motion.  The Court heard oral argument and made inquiry of the parties regarding the terms of the Settlement to ensure that the Settlement was fair, adequate, and reasonable, and to the benefit of the class members.  Having considered all the papers submitted in connection with the motion and heard oral argument of counsel at the hearing, and finding good cause therefore, the Court hereby ORDERS, DECREES AND RULES AS FOLLOWS:

1.    All terms and phrases used hereafter in this Final Approval Order
        and Final Judgment shall have the same meanings ascribed to them
        in the Agreement, and incorporated herein by reference.

2.   This Court has jurisdiction over the subject matter of the Action and over all Parties, including all persons in the Settlement Class.

3.   The Court hereby gives its final approval of the Settlement as set forth in the Agreement.  The Court finds that the Settlement is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and in the best interests of the Class Members.  The Court directs that the Settlement shall be effectuated in accordance with its terms.

4.   The Court finds that the interests of the Class Members are adequately represented, and that named Plaintiffs and Class Counsel are adequate representatives of the Class Members.

5.   The Court finds that, for the purposes of approving the Settlement only and for no other purpose, the Settlement Class meets all the requirements for certification under Federal Rule of Civil Procedure 23: (a) the Settlement Class is ascertainable and so numerous that joinder of all members of the class is impractical; (b) there are questions of law and fact common to the Settlement Class, and there is a well defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the litigation; (c) the claims of the named Plaintiffs Gloria Abiva and Esgouhi Babanian are typical of the claims of the Settlement Class; (d) named Plaintiffs and Class Representatives Gloria Abiva and Esgouhi Babanian fairly and adequately protect the interest of the Class Members; (e) Class Counsel is qualified to serve as counsel and has adequately represented the class; and (f) a class action is superior to all

other available methods for an efficient adjudication of this controversy and common questions of law or fact predominate over any questions affecting only individual issues.

6.   The Class Members consist of all persons who did not exclude themselves from the Settlement and the Settlement Class, which is defined as:

> All cardholders within the scope of 15 U.S.C. Section 1681c(g) who, between December 4, 2004 and April 21, 2009 (the date of the Court's Preliminary Approval Order), were provided a receipt at retail store operated by Cache which printed the expiration date and/or more than the last 5 digits of the credit or debit card number.

7.   The Court finds that notice of the Settlement and the other matters set forth in the Agreement given to the Settlement Class pursuant to the Preliminary Approval Order and the Agreement was the best notice practicable, consisting of the Class Notice published in *USA Today* and posted on the settlement website located at www.cachesettlement.com.   The Court notes that the names and addresses of the class members could not be readily determined by the parties.   The notice constituted valid, due and sufficient notice of the Action, and of the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of applicable rules and statutes and due process under the United States Constitution.

8.   Within 90 days following the Effective Date, the Settlement Administrator shall file with the Court a declaration attesting

that the vouchers pursuant to the Agreement have been issued to all Authorized Claimants.

9.   The Court hereby dismisses the Action in its entirety on the merits and with prejudice as against Cache and each and all of its respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, representatives, successors, predecessors-in-interest and all of the aforementioneds' respective officers, directors, partners, predecessors, successors, insurers, employees, associates, shareholders, agents, representatives, trustees, accountants, attorneys, third-party vendors and assigns (the "Released Parties").

10.  Plaintiffs and all of the Class Members also are deemed to have released the Released Parties from any and all duties, obligations, demands, claims, actions, causes of action, suits, damages, rights or liabilities of any nature and description whatsoever, whether arising under local, state or federal law, whether by Constitution, statute (including, but not limited to, 15 U.S.C. Section 1681c(g), and/or California Civil Code Section 1747.09), tort, contract, common law or equity or otherwise, whether known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent, that have been or could have been asserted in the Action based upon the facts and circumstances giving rise to the Action, by Plaintiffs or the Class Members or any of their respective heirs, spouses, executors, administrators,

partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf. Plaintiffs and the Class Members are deemed to have released the Released Parties from all claimed or unclaimed compensatory damages, damages for emotional distress, statutory damages, consequential damages, incidental damages, treble damages, punitive and exemplary damages, or any interest, costs or fees arising out of any of the claims asserted or that could have been asserted in the Action, as well as all claims for equitable, declaratory or injunctive relief under any federal or state statute or common law or other theory that was alleged or could have been alleged based on the facts forming the basis for the Action, including but not limited to any and all claims under identity theft statutes, deceptive or unfair practices statutes, or any other statute, regulation or judicial interpretation.

11.  Plaintiffs and each Class Member are deemed to have acknowledged that they may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of these releases, but it is their intention to, and they do hereby, upon the Effective Date, fully, finally and forever settle and release any and all claims set forth in Paragraph 10 above, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and each Class Member hereby waive any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Class Member understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

12. Without affecting the finality of this Final Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over, inter alia: (a) implementation and administration of the Settlement; (b) distribution of vouchers due Class Members under the terms of the Agreement; and (c) all Parties hereto, for the purpose of enforcing and administering the Agreement and Exhibits thereto until each and every act agreed to be performed by the Parties has been performed.

13. The Parties shall bear their own attorneys' fees and costs, except as otherwise provided in the Agreement and by the order of this Court.

14. The Court reserves its ruling on Plaintiffs' Attorneys' Fees Motion until such time as Plaintiffs' Counsel submits, and the Court reviews, additional evidence in support of its request for fees and costs. (See Minute Order dated 10/05/09, Docket No. 80).

IT IS SO ORDERED.

DATED:   October 19, 2009

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE